UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROL THOMAS,

                Plaintiff,

        v.

CONAGRA FOODS, INC., CONAGRA
BRANDS, INC., DS CONTAINERS, INC.,
FULL-FILL INDUSTRIES, LLC,

                Defendants.
_____

**DECISION AND ORDER**

6:20-CV-006239 EAW

## INTRODUCTION

Plaintiff Carol Thomas ("Plaintiff") brings this products liability action against defendants ConAgra Foods, Inc., ConAgra Brands, Inc., DS Containers, Inc., and Full-Fill Industries, LLC (collectively "Defendants"), related to injuries she sustained when a can of Member's Mark cooking spray vented its contents, resulting in an explosion and flash fire. (Dkt. 1). Presently before the Court is a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants ConAgra Foods, Inc., ConAgra Brands, Inc., and Full-Fill Industries, LLC (collectively "Moving Defendants"). (Dkt. 19). For the reasons set forth below, Moving Defendants' motion is granted in part and denied in part.

## FACTUAL BACKGROUND

The following facts are taken from the complaint. As required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

- 1 -

On or about April 15, 2017, Plaintiff was injured when a can of Member's Mark cooking spray "suddenly and without warning began spraying its extremely flammable contents through the u-shaped vents on the bottom of the can causing a flash fire, flames, and/or explosion[.]" (Dkt. 1 at ¶ 24). On the date in question, Plaintiff was working in a campground kitchen located in Livonia, New York. (*Id*. at ¶ 25). The can of cooking spray, which was "designed, manufactured, tested, filled, labeled and/or sold" by Defendants, had been stored and used in a reasonably foreseeable manner and was located "some distance away from a heat source in the campground kitchen." (*Id*. at ¶¶ 19, 21-22).

## PROCEDURAL BACKGROUND

Plaintiff filed this action on April 14, 2020. (Dkt. 1). Defendant DS Containers, Inc. answered the complaint on May 12, 2020. (Dkt. 7). On June 12, 2020, Moving Defendants filed the instant motion to dismiss. (Dkt. 19). Plaintiff filed its opposition on July 7, 2020 (Dkt. 25), and Moving Defendants filed a reply on July 14, 2020 (Dkt. 30).

On July 7, 2020, DS Containers, Inc. filed a motion to join in Moving Defendants' motion to dismiss. (Dkt. 26). The Court denied this motion by Text Order on July 8, 2020, noting that (1) DS Containers, Inc. had not complied with this District's Local Rules of Civil Procedure in filing its motion and (2) because DS Containers, Inc. had filed an answer to the complaint, it was no longer able to seek dismissal under Rule 12(b)(6), but would instead have to file a motion for judgment on the pleadings pursuant to Rule 12(c). (Dkt. 27). DS Containers, Inc. did not thereafter file either a renewed motion for joinder or a Rule 12(c) motion.

**DISCUSSION**

I. **Standard of Review**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. <u>Plaintiff's Claims</u>

Plaintiff's complaint asserts the following 15 causes of action: (1) a claim of design defect against ConAgra Foods, Inc. and ConAgra Brands, Inc. (Count I); (2) a claim of manufacturing defect against ConAgra Foods, Inc. and ConAgra Brands, Inc. (Count II); (3) a claim of failure to warn against ConAgra Foods, Inc. and ConAgra Brands, Inc. (Count III); (4) a claim of "non-specific defect" against ConAgra Foods, Inc. and ConAgra Brands, Inc. (Count IV); (5) a claim of negligence against ConAgra Foods, Inc. and ConAgra Brands, Inc. (Count V); (6) a claim of design defect against DS Containers, Inc. (Count VI); (7) a claim of manufacturing defect against DS Containers, Inc. (Count VII); (8) a claim of failure to warn against DS Containers, Inc. (Count VIII); (9) a claim of "non-specific defect" against DS Containers, Inc. (Count IX); (10) a claim of negligence against DS Containers, Inc. (Count X); (11) a claim of design defect against Full-Fill Industries, LLC (Count XI); (12) a claim of manufacturing defect against Full-Fill Industries, LLC (Count XII); (13) a claim of failure to warn against Full-Fill Industries, LLC (Count XIII); (14) a claim of "non-specific defect" against Full-Fill Industries, LLC (Count XIV); and (15) a claim of negligence against Full-Fill Industries, LLC (Count XV). (Dkt. 1). Moving Defendants seek dismissal of Counts I, III, IV, V, XI, XIII, XIV, and XV—that is, the claims against them for design defect, failure to warn, "non-specific defect," and negligence. The Court considers the viability of each of these causes of action below.[1]

---

[1] Plaintiff contends that the basis for this Court's jurisdiction is diversity. (Dkt. 1 at ¶ 11). The parties have assumed without briefing that New York law governs Plaintiff's claims. When sitting in diversity jurisdiction, this Court applies the choice-of-law rules of the forum state. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001).

A.      **Design Defect Claims (Counts I and XI)**

In New York, "three theories of product defect are recognized: defective design, defective manufacturing, and failure-to-warn." *Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 419 F. Supp. 3d 490, 506 (E.D.N.Y. 2019).<sup></sup> "A defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." *Scarangella v. Thomas Built Buses, Inc.*, 93 N.Y.2d 655, 659 (1999) (quotation omitted). To prevail on a claim for a design defect, a plaintiff must demonstrate: "(1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing Plaintiff's injury." *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 888 (E.D.N.Y. 2018).

Moving Defendants argue that Plaintiff's design defect claim is not adequately pled because "Plaintiff's only plausible allegation for why a cooking spray container suddenly began spraying extremely flammable contents through the u-shaped vents on the bottom of the can causing a flash fire while some distance away from a heat source is that it was manufactured incorrectly." (Dkt. 19-1 at 8 (quotations omitted)). The Court is not persuaded by this argument. It is true that at the trial stage, "[b]ecause design defect claims

---

"In products liability actions, New York courts apply the law of the state in which the injury occurred." *Church Ins. Co. v. Comstock-Castle Stove Co.*, No. 5:15-CV-0049 BKS DEP, 2017 WL 1408042, at *5 n.3 (N.D.N.Y. Feb. 14, 2017). The Court accordingly will apply the substantive law of New York.

require that the product have met all design specifications, and manufacturing defect claims require that the product have deviated from design specifications, the two are often mutually exclusive." *Astoria Energy II LLC v. HH Valves Ltd.*, No. 17-CV-5724 ENV RER, 2019 WL 4120759, at *4 (E.D.N.Y. Aug. 2, 2019), *adopted*, 2019 WL 4091417 (E.D.N.Y. Aug. 29, 2019). However, "a plaintiff is fully entitled to plead claims for both design defect and manufacturing defect in the alternative." *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 555 (S.D.N.Y. 2016). "This pleading strategy is acceptable because initially a plaintiff may not have the scientific, technical, or factual knowledge required to know which kind of defect exists." *Astoria Energy*, 2019 WL 4120759, at *3.

Here, Plaintiff expressly alleges that the can of cooking spray at issue was designed with vents and metal thickness that did not allow it to withstand temperatures to which it would foreseeably be exposed during use and/or storage. (Dkt. 1 at ¶ 30). It is not the role of the Court, at this stage of the proceedings, to weigh the plausibility of that allegation against the plausibility of Plaintiff's allegation of a manufacturing defect. Nor, as Moving Defendants argue in reply, is it fatal to Plaintiff's design defect claim that she has also alleged inconsistent facts to support her manufacturing defect claim (namely, that the cooking spray can was not manufactured to its specifications). Under Federal Rule of Civil Procedure 8, "plaintiffs are allowed to assert inconsistent facts in support of alternative claims, and courts may not construe allegations regarding one claim to be an admission against another." *Padre Shipping, Inc. v. Yong He Shipping*, 553 F. Supp. 2d 328, 333 (S.D.N.Y. 2008); *see also Covenant Imaging, LLC, v. Viking Rigging & Logistics, Inc.*, No. 3:20-CV-00593 (KAD), 2021 WL 973385, at *4 (D. Conn. Mar. 16, 2021) (under Rule

8, the plaintiff was free to plead in the alternative that the defendant acted as a broker and that the defendant acted as a carrier, even though such assertions were inconsistent).

Moving Defendants' reliance on *Urena v. ConAgra Foods, Inc.*, No. 16-CV-5556 PKCLB, 2020 WL 3051558, at *12 (E.D.N.Y. June 8, 2020), another case involving an allegedly faulty can of cooking spray, is accordingly misplaced. *Urena* was decided at the summary judgment stage, and the plaintiff had failed to present "relevant or reliable expert testimony that the can's design caused the accident." *Id*. at *12. To the contrary, the plaintiff's own expert had concluded that under the circumstances described by the plaintiff, "the design of the can should not and would not have resulted in the venting of the can." *Id*. It was the lack of evidence to support the design defect claim, and not an alleged conflict between the manufacturing defect claim and the design defect claim, that led the *Urena* court to grant summary judgment. However, in this case, at this stage of the proceedings, Plaintiff is under no obligation to come forward with evidence to support either of her alternative claims. Moving Defendants have not demonstrated that dismissal of Counts I and XI is warranted.

B.     **Failure to Warn Claims (Counts III and XIII)**

The Court turns next to Plaintiff's claims of a failure to warn. To establish such a claim under New York law, Plaintiff "must show: (1) that a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm." *Quintana v. B. Braun Med. Inc.*, No. 17-CV-6614 (ALC), 2018 WL 3559091, at *5 (S.D.N.Y. July 24, 2018) (quotation omitted). "[A] failure to warn cause of action is appropriately dismissed

if a plaintiff does not plead facts indicating how the provided warnings were inadequate." *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 575 (E.D.N.Y. 2012).

Moving Defendants contend that Plaintiff has failed to identify the manner in which the warnings on the can of cooking spray at issue were lacking, and that her failure to warn claims accordingly must be dismissed. The Court again disagrees. Plaintiff specifically alleges that the warnings provided failed to provide adequate information regarding (1) "a safe distance from a heat source to which the Cooking Spray can be safely placed"; (2) "the temperatures to which the Cooking Spray can be safely exposed without the risk of releasing the Cooking Spray's contents"; and (3) "the combustibility and flammability of the propellants used in the Cooking Spray." (Dkt. 1 at ¶ 58). This is sufficient to put Moving Defendants on notice of the information that Plaintiff claims should have been provided. *See Richards v. Johnson & Johnson, Inc.*, No. 5:17-CV-00178 BKS ATB, 2018 WL 2976002, at *4 (N.D.N.Y. June 12, 2018) (allegation that "the warnings and directions Defendant provides with its . . . filters, including the device implanted in Plaintiff, failed to adequately warn of the above-described risks and side effects, including as to existence of the risk" was sufficient to plausibly allege a failure to warn claim (internal quotation marks omitted)).

The Court is further unpersuaded by Moving Defendants' argument that "Plaintiff has not asserted plausible allegations as to how a different or proposed warning, if made, would have prevented this incident." (Dkt. 19-1 at 13). It is a plausible inference from Plaintiff's allegations that, had she been advised of the necessary distance from a heat source at which to store the cooking spray, she would have placed the cooking spray at an

even greater distance from the area in which she was cooking than she already had. It is a further plausible inference that Plaintiff would have stored the cooking spray can at an appropriate temperature, had she been advised of what such a temperature was. "To the extent that [Moving Defendants] request detailed factual allegations regarding exactly what instructions should have been provided, [their] argument is unavailing as that information is both the type of detailed or elaborate factual allegations not required at this stage of litigation, and some of it likely the type of information that could not be available to Plaintiffs prior to discovery." *Karazin v. Wright Med. Tech., Inc.*, No. 3:17CV823 (JBA), 2018 WL 4398250, at *5 (D. Conn. Sept. 14, 2018) (citation omitted and rejecting argument that failure to warn claim was not plausibly pled because the plaintiff did not "address how the applicable warnings and/or instructions were allegedly inadequate, what warnings and/or instructions should have been provided, or that had such warnings and/or instructions been provided, [the plaintiff] would not have suffered the injuries alleged" (quotation omitted)).

Finally, Moving Defendants' contention that Plaintiff cannot plausibly assert that they "failed to warn Plaintiff that there was a non-specific manufacturing defect in her individual container of cooking spray" because they were necessarily unaware of the existence of such defect (Dkt. 19-1 at 14) again misapprehends the scope of alternative pleading allowed by Rule 8. Plaintiff's failure to warn claim is distinct from her manufacturing defect claim and relies on different factual allegations; the fact that these claims are inconsistent is not a basis for dismissal.

### C. Non-Specific Defect Claims (Counts IV and XIV)

Turning to Plaintiff's claims for "non-specific defect" (Counts IV and XIV), the Court agrees with Moving Defendants that these claims should be dismissed. It is true that, under New York law, Plaintiff may ultimately be "entitled to proceed to trial on the basis of circumstantial evidence of a manufacturing and/or design defect." *Zsa Zsa Jewels, Inc.*, 419 F. Supp. 3d at 520. More specifically, New York law permits a products liability plaintiff to prevail by demonstrating "that the product did not perform as intended and by excluding all other causes for the product's failure," even if she cannot prove the specific defect. *Goldin v. Smith & Nephew, Inc.*, No. 12 CIV. 9217 JPO, 2013 WL 1759575, at *3 (S.D.N.Y. Apr. 24, 2013); *see Speller ex rel. Miller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003) ("In order to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants."). However, this caselaw does not establish a separate, independent cause of action for a "non-specific defect." Instead, it establishes an evidentiary rule regarding the proof necessary to proceed to trial on a manufacturing or design defect claim in the absence of direct proof of the claimed defect. *See Pierro v. Daewoo Motor Am., Inc.*, No. 08 CV 63 (RJD) (JMA), 2013 WL 12361153, at *2 (E.D.N.Y. Aug. 5, 2013) (under New York law, "Plaintiff may establish a 'specific defect' with direct evidence, or a 'nonspecific defect' with circumstantial evidence"). Plaintiff has cited no case in which an independent cause of action for "non-specific defect" was recognized under New York law, nor has the Court found any such cases in its own research. Accordingly, Plaintiff's claims for "non-specific

defect" are merely alternative theories supporting her design defect and manufacturing defect claims, and are appropriately dismissed as duplicative. *See Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Ore., Inc.*, 156 F. Supp. 3d 348, 362 (E.D.N.Y. 2016) ("Duplicative claims shall be dismissed when they are based on identical conduct and seek the same relief.").

        **D.**      <u>**Negligence Claims (Counts V and XV)**</u>

Under New York law, the elements of negligence claims based on design defect, manufacturing defect, and failure to warn theories are the same as those under strict liability. *See Colon ex Rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 83 (S.D.N.Y. 2001) ("Courts have noted that, for the purposes of analyzing a design defect claim, the theories of strict liability and negligence are virtually identical."); *Rosen v. St. Judge Med., Inc.*, 41 F. Supp. 3d 170, 182 (N.D.N.Y. 2014) ("Under New York Law, '[t]o state a claim for manufacturing defect under theories of strict liability [or] negligence . . . the plaintiff must allege that (1) the product was defective due to an error in the manufacturing process and (2) the defect was the proximate cause of the plaintiff's injury.") (alteration in original); *Amos v. Biogen Idec Inc.*, 28 F. Supp. 3d 164, 170 (W.D.N.Y. 2014) ("Under New York law, . . . the elements of a cause of action for failure to warn based on strict liability or negligence are identical."). Here, Moving Defendants seek dismissal of Plaintiff's negligence claims for the same reasons they sought dismissal of her design defect and failure to warn claims. (Dkt. 19-1 at 15). The Court having found that dismissal of those claims is not warranted, there is no basis to dismiss Plaintiff's negligence claims.

## CONCLUSION

For the reasons set forth above, Moving Defendants' motion to dismiss (Dkt. 19) is granted with respect to Plaintiff's non-specific defect claims (Counts IV and XIV), and is otherwise denied.  Moving Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 29, 2021
       Rochester, New York