UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROL THOMAS,

              Plaintiff,                   **ORDER**

     v.                                  6:20-CV-006239 EAW

CONAGRA FOODS, INC., CONAGRA
BRANDS, INC., DS CONTAINERS, INC.,
FULL-FILL INDUSTRIES, LLC,

              Defendants.
_____

        The complaint in this matter purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). (Dkt. 1 at ¶ 11). However, the allegations set forth therein are insufficient to establish that complete diversity exists. In particular, with respect to defendant Full-Fill Industries, LLC ("Full-Fill"), the complaint alleges only that it is "an Illinois limited liability corporation with its principal place of business at 400 N. Main Street, Henning, IL 61848." (*Id*. at ¶ 10). However, "[w]ith the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013). As such, Full-Fill, a limited liability company, takes the citizenship of each of its members. Full-Fill's place of organization and principal place of business are irrelevant to the diversity inquiry. *See Alvarez & Marshal Glob. Forensic & Dispute Servs., LLC v. Cohen-Cole*, No. 14 Civ. 290 (JPO), 2014 WL 641440, at *2 (S.D.N.Y. Feb. 19, 2014) ("[T]he facts that the LLC is 'organized under the laws of Delaware' and has 'its principal place of business in New York' are irrelevant to jurisdiction: they say nothing

about an LLC's citizenship for purposes of 28 U.S.C. § 1332."); *N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortg. Corp.*, No. 07-CV-790 (GLS/RFT), 2007 WL 4324109, at *1 (N.D.N.Y. Dec. 7, 2007) ("The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes.").

The complaint is absent any allegation setting forth the citizenship of Full-Fill's members. The corporate disclosure statement filed by Full-Fill (Dkt. 14) also does not set forth this information.

The Court is bound by the "inflexible rule" requiring it "without exception" to determine *sua sponte* if subject matter jurisdiction is lacking. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). In this case, the Court cannot make that determination on the instant record. Accordingly, it is hereby ORDERED that by no later than April 12, 2021, Full-Fill shall file a letter informing the Court of the identity of its members and their respective citizenships.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 5, 2021
       Rochester, New York