UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL THOMAS,

                     Plaintiff,

v.                                 REPORT AND RECOMMENDATION

CONAGRA FOODS, et al.,              20-CV-6239-EAW-MJP

                     Defendants.

---

**Pedersen, M.J.** This matter is before the undersigned for a Report and Recommendation ("R. & R.").[1] At issue is Plaintiff Carol Thomas' ("Plaintiff") motion to amend the complaint. (Notice of Mot., Dec. 17, 2021, ECF No. 48.) Defendants oppose Plaintiff's motion, (Defs.' Joint Opp'n, Jan. 14, 2022, ECF No. 51 ("Defs.' Opp'n") after which Plaintiff filed her reply. (Feb. 10, 2022, ECF No. 54.) For the reasons discussed, the undersigned reports and recommends that the Hon. Elizabeth A. Wolford deny Plaintiff's motion to amend.

**PROCEDURAL AND FACTUAL HISTORY**

Plaintiff brings this products liability action against defendants ConAgra Foods, Inc., ConAgra Brands, Inc., DS Containers, Inc., and Full-Fill Industries, LLC (collectively, the "Defendants") related to injuries she sustained when a can of Member's Mark cooking spray vented its contents, resulting in an explosion and flash fire. (Compl. ¶¶ 1–2, 13–20, Apr. 14, 2020, ECF No. 1.) Defendant DS Containers,

---

[1] For a discussion about the undersigned's determination that this should be an R. & R. *see infra* at 4–5.

1

Inc., answered the complaint on May 12, 2020. (ECF No. 7.) On June 12, 2020, the other defendants moved to dismiss the complaint. (ECF No. 19.), which the Hon. Elizabeth A. Wolford granted in part and denied in part. (Decision and Order at 12, Mar. 29, 2021, ECF No. 31 ("D. & O.").)

In conversations before the Rule 16 conference, Plaintiff raised the possibility that she would need to amend her complaint. First, Plaintiff admitted it was possible that the can was labeled "Daily Chef" rather than "Members Mark":

> Plaintiff's counsel, by way of Theresa Walsh and Frank Cesarone, told Defense counsel in a conference call on April 22, 2021[,] that the can was not preserved, and that the product may have been labeled "Daily Chef" rather than "Members [sic] Mark."

(Reply at 3, ECF No. 54.) Later, Plaintiff alluded directly to the potential motion to amend in an email dated May 4, 2021:

> In the event this is Daily Chef vs. Members Mark, we will seek leave to amend the complaint. I will hold off on that until Defendants have had an opportunity to investigate further, but I presume there would be no objection to amending the complaint.

(Defs.' Opp'n Ex. 4 at 2, ECF No. 51-5.) Finally, Plaintiff did not object to the recommended deadline for motions to amend contained in the joint discovery plan. (Disc. Plan at 2, May 6, 2021, ECF No. 40.)

The undersigned adopted the recommended deadline for motions to amend of June 11, 2021, during a Rule 16 conference on May 12, 2021. (Scheduling Order, ECF No. 41.) The deadline passed without Plaintiff filing a motion to amend.

Defendant deposed Plaintiff on November 10, 2021. (Defs.' Opp'n Ex. 3 at 2, ECF No. 51-4 (attaching portions of the deposition).) The relevant portions of that deposition were transcribed as follows:

2

> Q: Do you remember any of the words written on [the Subject Can]?
> A: Cooking spray.
> Q: Do you remember that it specifically said "cooking spray"?
> A: Yes.
> Q: Any other words?
> A: "Daily Chef."
> Q: Do you remember that it said "Daily Chef" on it?
> A: I remember looking at it and seeing that.

(Pl. Dep. 37:25–38:11.)

> Q: Do you recall telling people what brand of cooking spray it was?
> A: No.
> Q: Did you later come to believe it was a different brand then [sic] Daily Chef?
> A: No.
> Q: You always thought it was Daily Chef cooking spray?
> A: Yes.
> Q: Did you read the Complaint before it was filed?
> A: I don't know, I must have.
> Q: The Complaint says Member's Mark, do you know what Member's Mark is?
> A: No.
> Q: If you would have read something that said it was Member's Mark cooking spray, would you have corrected, you know, corrected the person and said no, it was Daily Chef?
> A: Yes.
> Q: And you don't recall doing that?
> A: No.

(Pl. Dep. 52:13–53:9.) After Plaintiff's deposition, Plaintiff filed her motion to amend on December 17, 2021. (Notice of Mot., ECF No. 48.)

Defendants filed joint opposition to Plaintiff's motion to amend on January 14, 2022. (Defs.' Opp'n, ECF No. 51.)[2] Defendants argue that Plaintiff fails to show good cause under Fed. R. Civ. P. 16(b) for her failure to amend the complaint within the time specified by the undersigned's scheduling order. (*Id.* at 5–9.) In her reply dated

---

[2] The undersigned granted Defendants' joint motion to file a response by January 14, 2022. (Order, Jan. 3, 2022, ECF No. 50.)

3

February 10, 2022, Plaintiff counters Defendants' arguments by asserting that the District Court nonetheless has discretion to grant leave to amend, noting that Defendants will not be unfairly prejudiced. (Reply at 1–5, ECF No. 54.) On February 11, 2022, the undersigned granted the parties' joint motion to stay discovery deadlines until the motion to amend is decided. (Text Order, ECF No. 56.)

Regarding the decision to issue an R. & R. instead of a decision and order, the undersigned notes that while the pending motion to amend would fall within Judge Wolford's referral (Text Order, Apr. 12, 2021, ECF No. 36),[3] the undersigned must issue a report and recommendation where a decision will be dispositive, or functionally dispositive of the case. *See United States v. Pappas*, 546 F. App'x 63, 64 (2d Cir. 2013) ("In the absence of consent, the authority of a magistrate judge is limited to actions permitted under § 636(b)(1)(A), (b)(1)(B), and (b)(3)."); 28 U.S.C. § 636(b)(1)(B) (district judges may only refer dispositive issues to magistrate judges for their report and recommendation). Denying Plaintiff's motion to amend is functionally dispositive. As Plaintiff acknowledges in her reply, denying the motion to amend would amount to "denying Plaintiff an opportunity to recover." (Reply at 5, ECF No. 54.)

## STANDARD OF LAW

Ordinarily, Plaintiff's motion to amend would be governed by Fed. R. Civ. P. 15(a)(2), under which permission to amend "should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Under Fed. R. Civ. P. 15(a)(2), the

---

[3] *See also Smith v. Bradt*, 329 F.R.D. 500, 502 (W.D.N.Y. 2019) (citing *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y. 2004)) (motions to amend "are nondispositive").

4

Court retains discretion to deny the motion "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, where, as here, a plaintiff moves to amend the complaint after the deadline set by the scheduling order, Fed. R. Civ. P. 15's "lenient standard" must be "balanced against" Fed. R. Civ. P. 16(b)(4)'s requirement that "a scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal quotation omitted). The Second Circuit has concluded that Fed. R. Civ. P. 16(b)'s "'good cause' standard, rather than the more liberal standard of [Fed. R. Civ. P.] 15(a) governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), *overruled on other grounds by Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id*.

In the "good cause" analysis, "the primary consideration is whether the moving party can demonstrate diligence," but the Court may also consider "other relevant factors including . . . whether allowing the amendment of the pleading at this stage of the litigation would prejudice defendants." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). These other factors do not excuse the moving party from demonstrating diligence, however. *Engles v. Jones*, 405 F.

5

Supp. 3d 397, 407 (W.D.N.Y. 2019) (quoting *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)) ("[T]o show good cause, a movant must demonstrate that it has been diligent.").

## DISCUSSION

As noted, "the primary consideration in assessing whether good cause exists under Rule 16(b) is whether the party seeking to amend can demonstrate diligence." *CRA Holdings U.S., Inc. & Subsidiaries v. United States*, No. 1:15-CV-00239 EAW, 2019 WL 4544390, at *4 (W.D.N.Y. Sept. 19, 2019) (citations omitted). "To satisfy the good cause standard the [moving] party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Id.* (alteration in original) (quotation omitted in original) (quoting *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010). A party cannot demonstrate diligence where "the proposed amendment rests on information the party knew, or should have known, in advance of the deadline." *Id.* (citation omitted). Likewise, a party cannot demonstrate diligence where failure to amend before the deadline is due to counsel's oversight. *See Engles*, 405 F. Supp. 3d at 407 (quoting *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011)) ("[A]ttorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a scheduling order.").

### *Plaintiff Cannot Demonstrate Diligence*

Plaintiff cannot meet her "burden of demonstrating good cause," *Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012), because the new information to be added to the complaint was within

6

Plaintiff's knowledge before the deadline to amend. *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174–75 (S.D.N.Y. 2014) (citation omitted) ("A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline."). First, Plaintiff stated that the can was labeled "Daily Chef" and, second, Plaintiff indicated that after the underlying incident she did not "come to believe it was a different brand then [sic] Daily Chef." (Pl. Dep. 38:7–11, 52:16–18.) Finally, Plaintiff has provided no argument that she was "unreachable" or otherwise unable to communicate with her counsel before the deadline to file a motion to amend. *Huber v. Nat'l R.R. Passenger Corp.*, No. 10 CIV. 09348ALCDF, 2012 WL 6082385, at *3 (S.D.N.Y. Dec. 4, 2012) (finding good cause for failure to amend the complaint where counsel could not contact their client). Given the lack of similar mitigating circumstances, the undersigned must conclude that Plaintiff cannot show diligence because the information to be added in the amended complaint was known to her since the underlying injury. *CRA Holdings*, 2019 WL 4544390, at *4.

Even if the undersigned assumed away Plaintiff's deposition testimony demonstrating she knew about the can's label since her underlying injury, the "record reflects an absence of diligence" because Plaintiff's counsel failed to "investigate further rather than persist in some continued ignorance." *Dukes v. City of Albany*, 492 F. Supp. 3d 4, 10, 11 (N.D.N.Y. 2020). Plaintiff's counsel admitted it was possible the can was labeled "Daily Chef" well before the June 11, 2021, deadline to amend:

> Plaintiff's counsel, by way of Theresa Walsh and Frank Cesarone, told Defense counsel in a conference call on April 22, 2021[,] that the can was

7

not preserved, and that the product may have been labeled "Daily Chef" rather than "Members [sic] Mark."

(Reply at 3, ECF No. 54.) Worse still, Plaintiff's counsel alluded to the need to amend in an email dated May 4, 2021, stating,

> In the event this is Daily Chef vs. Members [sic] Mark, we will seek leave to amend the complaint. I will hold off on that until Defendants have had an opportunity to investigate further, but I presume there would be no objection to amending the complaint.

(Defs.' Opp'n Ex. 4 at 2, ECF No. 51-5.) Given Plaintiff's testimony that she always thought the can was "Daily Chef" not "Member's Mark, (Pl. Dep. 52:16–21),[4] had Plaintiff's counsel performed "the basic investigative effort that diligence demands,"[5] and asked Plaintiff about the can, any "lingering confusion" about the correct label

---

[4] Indeed, Plaintiff also replied affirmatively when asked "[i]f you would have read something that said it was Member's Mark cooking spray, would you have corrected, you know, corrected the person and said no, it was Daily Chef?" (Pl. Dep. 53:3–7.)

[5] The undersigned is cognizant that counsel cannot be expected to account for every possible fact that could arise. *See Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013) ("Plaintiffs cannot be faulted for failing to stipulate to a later amendment deadline just in case discovery revealed other potentially liable parties."). But counsels' failure to investigate an integral part of its *own* case is readily distinguishable from the situation presented in *Salomon* where "[p]laintiffs learned" new information "through *discovery* after the expiration of the scheduling order deadline" meaning "their inability to add the parties prior to the expiration of the deadline" was not due to a "failure of diligence." *Id.* at 507 (emphasis added). While the undersigned could perhaps find diligence if the information arose through discovery, the undersigned cannot find diligence where attorney oversight caused accessible information not to be included in the complaint's allegations. *See Engles*, 405 F. Supp. 3d at 407 (citation omitted) ("[A]ttorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)."); *see also Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (quoting *Enzymotec Ltd.*, 754 F. Supp. 2d at 537) (distinguishing between "'delayed discovery' that prevented plaintiffs from "discover[ing]" necessary facts and where "plaintiffs knew the facts relevant to amendment" before the deadline to amend, yet failed to do so).

8

"could have been readily dispelled" before the deadline to amend. *Dukes*, 492 F. Supp. 3d at 11.[6]

### *Plaintiff Cannot Show Good Cause Through a Lack of Prejudice Alone*

The undersigned has discussed several cases that suggest Plaintiff must show diligence to prevail in the good cause analysis. *See, e.g., Parker*, 204 F.3d at 340 ("[A] finding of 'good cause' depends on the diligence of the moving party."). Nonetheless, Plaintiff argues that the undersigned may permit her to amend without a showing of diligence because of the lack of prejudice to Defendants. (Reply at 2–3, ECF No. 54.) For this proposition, Plaintiff cites *Kassner v. 2nd Ave. Delicatessen, Inc*.[7] (*Id*. at 2.) There, the Second Circuit noted that diligence is not "the only consideration," rather, "[t]he District Court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244.

The Western District and Second Circuit have noted, however that "the absence of prejudice alone does not constitute good cause under Rule 16." *Engles*, 405 F. Supp. 3d at 408 (quoting *Gullo*, 540 F. App'x at 47). The Western District in *Smith v. Bradt* reasoned that "since one panel of the Second Circuit cannot overrule a prior decision of another panel, *Kassner* cannot be interpreted as dispensing with *Parker*'s

---

[6] Alternatively, Plaintiff failed to comply with Loc. R. Civ. P. 15(b) which requires use of the "redline" function to show where changes have been made. *See CRA Holdings U.S., Inc.*, 2019 WL 4544390, at *5 n.3 (citing *Governale v. Soler*, 319 F.R.D. 79, 82 (E.D.N.Y. 2016)) ("This is an additional ground for denial of Plaintiffs' motion for leave to amend.")

[7] 496 F.3d 229 (2d Cir. 2007).

requirement of diligence for a finding of 'good cause.'" 329 F.R.D. at 505 (citing *Woodworth v. Erie Ins. Co.*, No. 05-CV-6344 CJS, 2009 WL 3671930, at *3 (W.D.N.Y. Oct. 29, 2009.) Put differently, the undersigned "does not understand this language from *Kassner* to mean that where the moving party has *not been diligent*, a court [may] nonetheless grant the motion if it would not prejudice the non-moving party." *Woodworth*, 2009 WL 3671930, at *3 (emphasis in original.) Thus, as in *Engles*, "even accepting" the lack of prejudice to Defendant, if Plaintiff cannot demonstrate diligence, she cannot satisfy "Rule 16's good cause requirement." *Engles*, 405 F. Supp. 3d at 408. As that is the case, absent a compelling argument to the contrary, the undersigned must report and recommend that the motion to amend be denied.

***The District Court May Dispose of Plaintiff's Claim for Failure to Show Good Cause***

Plaintiff asserts that even if the undersigned finds that she failed to act diligently, her claims should not be disposed on procedural grounds. (Reply at 5, ECF No. 54.) As indicated, denying Plaintiff's motion to amend is functionally dispositive. Plaintiff states: "any lack of diligence in failing to amend the complaint earlier does not justify the harsh penalty of denying Plaintiff an opportunity to recover for the severe injuries that she suffered from the explosion of Defendants' cooking spray container." (*Id.*) Plaintiff's allegations are deeply sympathetic: she suffered severe burns and injuries on April 15, 2017, when the can of cooking spray exploded in a campground kitchen where she was working. (Compl. ¶¶ 24–25.)

As the Western District has reasoned, however, "Rule 16(b)'s good cause standard does not depend on whether the proposed amendments are meritorious." *CRA Holdings*, 2019 WL 4544390, at *5 (citing *Lehman v. Garfinkle*, No. 08 CIV 9385

10

SHS DF, 2013 WL 857739, at *7 (S.D.N.Y. Mar. 7, 2013), *adopted*, 2013 WL 1501627 (S.D.N.Y. Apr. 12, 2013)) ("[E]ven a meritorious claim can be barred" for failure to comply with "an order of the Court."). Even if Plaintiff's claims would ultimately prevail, as discussed, Plaintiff has not shown good cause by demonstrating diligence.

To be sure, "[t]he Court does not reach this conclusion lightly." *Hassoun v. Searls*, 467 F. Supp. 3d 111, 135 (W.D.N.Y. 2020) (discussing motion to amend witness and exhibit list for a civil habeas corpus proceeding). Scheduling orders, like the one involved here, are not "the Code of Hammurabi," *Coale v. Metro-N. R. Co.*, No. 3:08-CV-01307 (CSH), 2009 WL 4881077, at *9 (D. Conn. Dec. 11, 2009), but neither are they "frivolous piece[s] of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Hassoun*, 467 F. Supp. 3d at 134 (quoting *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. 2003)). Instead, "by limiting the time for amendments" they are "designed to offer a measure of certainty in pretrial proceedings ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)[8]). Even parties with potentially meritorious claims are bound by the court's scheduling order.

## CONCLUSION

For the reasons stated above, the undersigned reports and recommends that the Honorable Elizabeth A. Wolford deny Plaintiff's motion to amend. (ECF No. 48.)

---

[8] Notably, the Advisory Committee discussion states plainly that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met *despite the diligence* of the party seeking the extension." (Discussion of subsection (b)) (alteration added).

11

Pursuant to 28 U.S.C. § 636(b)(1) it is hereby

ORDERED that this R. & R. shall be filed with the Clerk of the Court.

ANY OBJECTIONS to this R. & R. must be filed with the Clerk of this Court within 14 days after receipt of a copy of this R. & R. in accordance with the above statute and Fed. R. Civ. P. 72(b) & 6(a), and Loc. R. Civ. P. 72.

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's order.

The parties are reminded that, pursuant to Loc. R. Civ. P. 72(b), "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." Failure to comply with the provision of Loc. R. Civ. P. 72(b), or with similar provision of Loc. R. Civ. P. 72(a) (concerning objections to a Magistrate Judge's D. & O.) may result in the District Court's refusal to consider the objection.

SO ORDERED.

DATED:   April 21, 2022
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge