UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CAROL THOMAS,

                     Plaintiff,

v.

CONAGRA FOODS, INC., CONAGRA BRANDS, INC., DS CONTAINERS, INC., and FULL-FILL INDUSTRIES, LLC,

                     Defendants
_____

**DECISION AND ORDER**

6:20-CV-06239-EAW-MJP

## INTRODUCTION

Plaintiff Carol Thomas ("Plaintiff") commenced the instant action on or about April 14, 2020, asserting products liability claims for design defect, manufacturing defect, failure to warn, non-specific defect,[1] and negligence against ConAgra Foods, Inc., ConAgra Brands, Inc., DS Containers, Inc., and Full-Fill Industries, LLC (collectively "Defendants"), arising out of the combustion of a cooking spray can and resulting injuries to Plaintiff. (Dkt. 1). Presently before the Court is the Report and Recommendation (the "R&R") issued by United States Magistrate Judge Mark W. Pedersen on April 21, 2022 (Dkt. 59), recommending that the Court deny Plaintiff's motion to amend the complaint

---

[1] By Decision and Order dated March 29, 2021, this Court dismissed Plaintiff's non-specific defect claims as to ConAgra Foods, Inc., ConAgra Brands, Inc., and Full-Fill Industries, LLC, on the ground that they were duplicative of Plaintiff's design defect and manufacturing defect claims. (Dkt. 31 at 10-12). The non-specific defect claim remains pending against DS Containers, Inc., as that defendant never properly moved to dismiss. (*See* Dkt. 27).

- 1 -

(Dkt. 48). For the reasons set forth below, the Court adopts the R&R to the extent that it denies Plaintiff's motion to amend.

## BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case. The Court will provide a summary of certain background information particularly relevant to its evaluation of Plaintiff's motion to amend and the R&R.

In the complaint, Plaintiff alleges that DS Containers, Inc., manufactured vented DOT-2Q cooking spray cans; that Full-Fill Industries, LLC, filled, assembled, and packaged vented DOT-2Q cooking spray cans; and that ConAgra Foods, Inc. and Conagra Brands, Inc. sold and distributed various branded and private label cooking sprays to retailers throughout the United States and knew that DOT-2Q vented cooking spray containers released their contents at lower temperatures than is allowed by manufacturing specifications and tolerances. (Dkt. 1 at ¶¶ 14, 15, 18 & 31). Plaintiff alleges that she was burned and severely injured "by a can of Member's Mark Cooking Spray" that Defendants had designed, developed, manufactured, tested, assembled, labeled, filled, packaged, marketed, sold, and distributed. (*Id.* at ¶ 1).

On April 22, 2021, Plaintiff's counsel informed defense counsel by email that the can "was not preserved, and that the product may have been labeled 'Daily Chef' rather than 'Members [sic] Mark.'" (Dkt. 54 at 3; see Dkt. 51-1 at ¶¶ 6-7). Plaintiff's counsel again referred to this uncertainty in an email dated May 4, 2021, which stated, "In the event this is Daily Chef vs. Members [sic] Mark, we will seek leave to amend the complaint. I will hold off on that until Defendants have had an opportunity to investigate further, but I

- 2 -

presume there would be no objection to amending the complaint." (Dkt. 51-5 at 2). Thereafter, the parties submitted a joint discovery plan. (Dkt. 40). Without objection from either party, the Court adopted the parties' proposed plan, which stipulated that motions to amend the pleadings be filed on or before June 11, 2021. (Dkt. 41 at 2).

Defendants deposed Plaintiff on November 10, 2021, during which Plaintiff testified that she recalled that the cooking spray can's label read "Daily Chef" and that she had not told anyone that the cooking spray at issue was Member's Mark brand. (Dkt. 51-4 at 6, 7-8; *see* Dkt. 59 at 2-3). On December 17, 2021, Plaintiff moved for leave to amend the complaint. (Dkt. 48). Defendants submitted an opposition to Plaintiff's motion on January 14, 2022. (Dkt. 51). Plaintiff filed a reply on February 10, 2022. (Dkt. 54). On April 21, 2022, Magistrate Judge Pedersen issued the R&R recommending that the Court deny Plaintiff's motion to amend the complaint. (Dkt. 59).[2] On May 5, 2022, Plaintiff timely filed objections to the R&R. (Dkt. 60). On May 19, 2022, Defendants responded to Plaintiff's objections. (Dkt. 61).

---

[2] In the objections and response, the parties dispute whether Magistrate Judge Pedersen also recommended dismissal of the complaint. (Dkt. 60 at 7-8 (Plaintiff arguing that the recommendation to deny leave to amend was not functionally dispositive of the merits of the entire case); Dkt. 61 at 5-7 (Defendants arguing that Plaintiff cannot prove the allegations of her complaint and cannot continue to pursue her claims)). Although the R&R discusses that denial of Plaintiff's motion to amend is "functionally dispositive," (Dkt. 59 at 10-11), there is no recommendation that the complaint be dismissed and any such result could only be reached after further briefing on the issue. Accordingly, the undersigned does not view the R&R as containing any recommendation other than one to deny Plaintiff's request for leave to amend. In the event any request for dismissal is pursued by Defendants, it must be done through a properly filed motion returnable before the undersigned.

**DISCUSSION**

I. **Objections to the Report and Recommendation**

    A. **Legal Standard**

Where a party makes specific objections to a magistrate judge's report and recommendation as to a dispositive issue, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

However, as this Court has previously recognized, authority in this Circuit supports a conclusion that review of a motion to amend—even the denial of such a motion—is nondispositive in nature, and thus a magistrate judge's decision is reviewed under a clearly erroneous or contrary to law standard, particularly where (as here) the denial is based on procedural considerations as opposed to a futility analysis. *See generally Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, No. 1:12-CV-00904 EAW JJM, 2016 WL 3876644, at *1 (W.D.N.Y. July 12, 2016). Admittedly, the caselaw on the issue is not crystal clear. *See generally Lubavitch of Old Westbury, Inc. v. Inc. Vill. of Old Westbury, New York*, No. 2:08-CV-5081 (DRH)(ARL), 2021 WL 4472852, at *8 (E.D.N.Y. Sept. 30, 2021); *see also Antonacci v. KJT Grp., Inc.*, No. 21-CV-6578L, 2022 WL 1656787, at *1 (W.D.N.Y. May 25, 2022).

Neither party has briefed the proper standard of review, and thus their filings are not helpful to the Court's resolution of this issue. Because the standard of review employed does not alter the Court's conclusion, and without resolving the issue, the Court will undertake a de novo review.

**B.    The Magistrate Judge Did Not Err in His Rule 16 Analysis Where the Motion to Amend Did Not Comply with the Scheduling Order.**

Plaintiff first objects that Magistrate Judge Pedersen improperly analyzed Plaintiff's motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 16(b)(4) rather than the "lenient standard" of Federal Rule of Civil Procedure 15(a)(2). (Dkt. 60 at 2-5). Primarily, Plaintiff argues that Magistrate Judge Pedersen incorrectly ruled that Plaintiff must show diligence in order to establish good cause without regard for the Court's discretion to consider other factors. (*Id.*). However, Magistrate Judge Pedersen properly applied the standards of Rule 16(b)(4) and Rule 15(a)(2) in light of Plaintiff's noncompliance with the Court's Scheduling Order. Furthermore, Magistrate Judge Pedersen properly considered other relevant factors, including whether permitting amendment would prejudice Defendants, in concluding that Plaintiff's motion should be denied. (*See* Dkt. 59 at 6-11).

Two provisions of the Federal Rules of Civil Procedure guide a court's analysis of a motion for leave to amend where the deadline for such motions, as set forth in a scheduling order, has passed.[3] The first is Rule 15(a)(2), which provides that once the time

---

[3]    As set forth above, the deadline in this case to file motions for leave to amend the pleadings was June 11, 2021. (Dkt. 41 at 2). Plaintiff did not file her motion for leave to amend until December 17, 2021, more than six months after that deadline expired.

- 5 -

for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Where, as here, a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted). In *Kassner v. 2nd Avenue Delicatessen Inc.*, the United States Court of Appeals for the Second Circuit issued guidance as to the balance of Rule 15(a)(2) and Rule 16(b)(4):

> The primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.

496 F.3d 229, 243 (2d Cir. 2007).

Courts in this District "have concluded that *Kassner* does not excuse the moving party from having to demonstrate diligence in order to show 'good cause.'" *Shemendra v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012) (citing *Woodworth v. Erie Ins. Co.*, No. 05-CV-6344 CJS, 2009 WL 3671930, at *3 (W.D.N.Y. Oct. 29, 2009)). When considering an untimely motion for leave to amend, district courts throughout the Second Circuit have held that, "[t]he standards of Rule 16(b) must be met first and cannot

be short-circuited by an appeal to those of Rule 15(a)." *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02 CIV. 1230 (LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006) (quotation omitted); *see also Engles v. Jones*, 405 F. Supp. 3d 397, 407 (W.D.N.Y. 2019); *Shemendra*, 288 F.R.D. at 252-53 (collecting cases).  This Court has adopted this approach in cases where a party has sought leave to amend a complaint after the deadline set by a Rule 16 scheduling order.  *See, e.g.*, *Pike Co., Inc. v. Universal Concrete Prod., Inc.*, No. 6:17-CV-06365 EAW, 2022 WL 2919309, at *4-6 (W.D.N.Y. July 22, 2022); *Nanjing CIC Int'l Co., Ltd. v. Schwartz*, 6:20-CV-07031 EAW, 2022 WL 170606, at *8-9 (W.D.N.Y. Jan. 19, 2022).  Fundamentally, it is within the Court's discretion to adopt such an approach.  *See Kassner*, 496 F.3d at 243.

Plaintiff premises her objection on the theory that Magistrate Judge Pedersen found that "this Court has no discretion to grant Plaintiff's motion unless good cause is shown[.]" (Dkt. 60 at 3 (citing Dkt. 59 at 10)).  However, the R&R applies the appropriate legal standard, set forth above, that is applied in this District in cases where a party seeks to amend a pleading after the deadline.  Indeed, the R&R discusses in detail Rule 15's lenient standard, which must be "balanced against" Rule 16(b)(4)'s "requirement that 'a scheduling order shall not be modified except upon a showing of good cause.'"  (Dkt. 59 at 5 (citing *Holmes*, 568 F.3d at 334-35)).  Further, the R&R noted that the Court is permitted to "consider other relevant factors" in addition to diligence when ruling on a motion to amend submitted outside of a scheduling order's prescribed deadline (*id.* (citing *Kassner*, 496 F.3d at 244)), but that "[t]hese other factors do not excuse the moving party from demonstrating diligence" (*id.* (citing *Engles*, 405 F. Supp. 3d at 407)).  A district court

has "broad discretion in determining whether to grant leave to amend." *Charter Comms., Inc. v. Loc. Union No. 3 Int'l Bhd. Of Elec. Workers*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (quotation marks and citation omitted).

"Rule 16 requires the Court to issue a scheduling order that 'must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.'" *Titus-Phillips v. Brit. Airways PLC*, No. 20-CV-5100-EK-SJB, 2022 WL 1177306, at *2 (E.D.N.Y. Apr. 20, 2022) (quoting Fed. R. Civ. P. 16(b)(3)(A)). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). "Disregarding the instructions of a scheduling order 'would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation.'" *In re Perrigo Co. PLC Sec. Litig.*, No. 19CV70 (DLC), 2021 WL 517441, at *2 (S.D.N.Y. Feb. 10, 2021) (quoting *Parker*, 204 F.3d at 340). Accordingly, district courts throughout this Circuit enforce adherence to scheduling orders through application of Rule 16's good cause standard where a party seeks to amend a complaint after the deadline set by a scheduling order.

Although Plaintiff cites two cases from other districts in which courts have permitted parties to amend pleadings despite their lack of diligence and their motions' untimeliness, such a determination is at the Court's discretion, and no facts presented compel such a result in this case. (*See* Dkt. 60 at 4 (citing *Charter Comms.*, 338 F. Supp.

3d at 257 and *Coale v. Metro-North R.R. Co.*, No. 3:08-cv-01307 (CSH), 2009 WL 4881077, at *3 (D. Conn. Dec. 11, 2009))).  As discussed in greater detail below, Plaintiff filed her motion for leave to amend more than six months after the deadline to do so had passed, and she did so based on knowledge that she possessed prior to the expiration of the deadline.  Thus, the analysis applied in the R&R is consistent with this Court's application of Rule 16(b)(4) and Rule 15(a)(2) where a party has filed a motion for leave to amend that does not comply with a scheduling order, and the magistrate judge did not err.  *See*, *e.g.*, *Nanjing*, 2022 WL 170606, at *8-9.

### C. The Magistrate Judge Properly Considered Prejudice to Defendants.

Plaintiff next objects that Magistrate Judge Pedersen did not consider the lack of prejudice to Defendants in concluding that Plaintiff had not shown good cause.  (Dkt. 60 at 2).  However, under the circumstances present here, it is within the Court's discretion whether to consider lack of prejudice to defendants.  *Kassner*, 496 F.3d at 243  ("The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including . . . whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.").  Furthermore, although the Court has no obligation to consider lack of prejudice to defendants, Magistrate Judge Pedersen did so, and this objection is without merit.

As discussed above, the R&R properly applied Rule 16(b)(4) analysis, determining that Plaintiff had failed to set forth "good cause" sufficient to merit modifying the Court's Scheduling Order.  In so doing, Magistrate Judge Pedersen assumed that even if Plaintiff

had shown that Defendants would incur no prejudice as a result of granting leave to amend the complaint, the lack of prejudice would not outweigh Plaintiff's failure to show that she had exercised diligence. (Dkt. 59 at 10 ("'[E]ven accepting' the lack of prejudice to Defendant, if Plaintiff cannot demonstrate diligence, she cannot satisfy 'Rule 16's good cause requirement.'") (citing *Engles*, 405 F. Supp 3d. at 408)). Thus, the R&R considered lack of prejudice to Defendants in determining that Plaintiff had not set forth "good cause" to modify the Scheduling Order, and Plaintiff's objection is without merit. Fed. R. Civ. P. 16(b)(4).

Even assuming the lack of prejudice, as was done in the R&R, "the absence of prejudice alone does not constitute good cause under Rule 16." *Gullo v. City of N.Y.*, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order) (affirming denial of motion for leave to amend where the plaintiff's delayed three months in seeking leave to amend after learning facts supporting new cause of action); *see also Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11 CV 726 (CBA)(RLM), 2012 WL 3306612, at *4 (E.D.N.Y. Aug. 13, 2012) ("Although the plaintiffs continue to insist that the filing of an amended complaint would not prejudice the defendants, lack of prejudice alone is typically insufficient to demonstrate 'good cause' under Rule 16[.]"). Further, Defendants "bear[] no burden on this motion—it is plaintiff's burden to show good cause under Rule 16(b)(4)[.]" *Villa v. Sw. Credit Sys., L.P.*, No. 19-CV-01701 JLS JJM, 2020 WL 3808911, at *3 (W.D.N.Y. June 10, 2020) (quotation omitted), *adopted*, 2020 WL 3802936 (W.D.N.Y. July 7, 2020). The fact that Defendants did not identify any particular prejudice in their response to Plaintiff's motion is not dispositive—it was Plaintiff's burden in the

first instance to demonstrate good cause. To the extent that Plaintiff directed any argument toward showing that good cause exists, she only presented evidence that Plaintiff's counsel had indicated to defense counsel uncertainty as to the brand of cooking spray at issue. Such evidence does not outweigh Plaintiff's counsel's lack of investigation into their client's personal knowledge of the facts underlying this case—facts which defense counsel ultimately elicited through deposition testimony.

### D. Plaintiff Did Not Argue Diligence Before the Magistrate Judge and Did Not Act With Diligence in Seeking Leave to Amend.

Plaintiff objects to Magistrate Judge Pedersen's finding that Plaintiff did not exercise diligence. (Dkt. 60 at 2, 5-7). However, Plaintiff did not argue that she had been diligent in seeking to amend the complaint until her objections to the R&R. (Dkt. 60 at 2-4; *see* Dkt. 48; Dkt. 54; *see also* Dkt. 61 at 34).[4] Because she had not asserted this argument before the magistrate judge, this Court need not consider it. *See Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-313 (W.D.N.Y. 2009). However, even if she had previously argued that she had been diligent, the facts presented to the magistrate judge do not support a finding of diligence.

---

[4] Plaintiff, in conclusory fashion, stated in her reply papers filed before the magistrate judge that "even if the Court fails to find good cause, which Plaintiff contends exists, this Court may grant leave to amend after the deadline set in a scheduling order even though there is no showing of diligence or good cause." (Dkt. 54 at 2-3). Aside from this passing reference to the existence of good cause, Plaintiff did not assert explicitly or implicitly or present evidence supporting a finding that she had been diligent. Indeed, Plaintiff appears to concede that she was not diligent. (*See id.* at 3 ("Defendants tellingly do not argue that they are prejudiced in any way by any lack of diligence in amending the complaint.")).

"In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hubbard*, 752 F. Supp. 2d at 312-13 (W.D.N.Y. 2009) (citing *Illis v. Artus*, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. June 22, 2009)); *see also Pierce v. Mance*, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation.  Moreover, since new claims may not be raised properly at this late juncture, the petitioner's new claims, presented in the form of, or along with, 'objections,' should be dismissed."); *cf. Wesley v. Alexander*, No. 99 Civ. 2168(LAK), 2005 WL 1352593, at *6 (S.D.N.Y June 8, 2005)  ("[A]lthough 28 U.S.C. §636(b)(1) authorizes a district court to receive additional evidence on appeal from a magistrate judge's decision, such a step is disfavored absent 'a most compelling reason' to do so."  (quoting *Housing Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005))).

In addition, Local Rule of Civil Procedure 72(c) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include . . . a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." L. R. Civ. P. 72(c).  At a minimum, Local Rule 72(c) required Plaintiff to identify any new arguments and explain why the argument was not raised to the magistrate judge.  Plaintiff certified that no new legal or factual arguments were raised

in her objections. (Dkt. 60-1 at ¶ 4). Therefore, the Court need not consider the argument that she had been diligent.

Even if the Court were to consider Plaintiff's argument that she had been diligent in seeking to amend the complaint, the facts presented do not support such a finding. Although Plaintiff had not previously argued that she was diligent, she relies on facts that were presented to the magistrate judge in support of her argument that Defendants would incur no prejudice as a result of amending the complaint. (*Compare* Dkt. 54 at 3-5 *with* Dkt. 60 at 5-7). Plaintiff's objection rests on the theories that she was diligent because her counsel had conveyed to Defendants that the cooking spray at issue may have been Daily Chef brand and that her counsel attempted to learn conclusively from Defendants that the can was Daily Chef brand in order to amend the complaint. (Dkt. 60 at 5-7).

Neither of these theories demonstrates that Plaintiff was diligent in seeking to amend the complaint. Although Plaintiff expected that defense counsel would investigate and determine which brand of cooking spray was at issue (*id.* at 5-6), defense counsel had no obligation to assist counsel in obtaining this information in order to amend the complaint. Even assuming Defendants learned in the course of discovery that the cooking spray at issue was Daily Chef rather than Member's Mark, this does not address Plaintiff's failure to timely amend the complaint. Accepting, for the sake of argument, that there was "uncertainty" as to the correct brand of the cooking spray at issue (Dkt. 60 at 2), Plaintiff need not have conclusively determined that the brand of cooking spray at issue was indeed Daily Chef in order to amend the complaint. Plaintiff could have simply pleaded that Member's Mark or that, in the alternative, Daily Chef was the brand at issue. Similarly,

instead Plaintiff could have sought an extension of time for filing motions to amend to account for the perceived need to further investigate the issue. Plaintiff took neither course of action—instead, simply waiting until well after expiration of the deadline for seeking to amend the complaint to pursue such relief.

The record presented to the magistrate judge indicates that Plaintiff knew that Daily Chef cooking spray was the brand at issue well in advance of the deadline to file an amended complaint. Although Plaintiff notes that her answer to an interrogatory indicated some lack of clarity (*id.* at 6; Dkt. 51-2 at 3), her deposition testimony was unambiguous (Dkt. 51-4 at 6-8). Plaintiff testified at her deposition that she always knew that the cooking spray was Daily Chef and that she had never heard of Member's Mark. (*Id.*; *see also* Dkt. 59 at 3; Dkt. 61 at 4). Plaintiff's counsel appears not to have elicited this information from Plaintiff prior to defense counsel having done so at Plaintiff's deposition. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Wade v. Kay Jewelers, Inc.*, No. 3:17-CV-990 (MPS), 2018 WL 3553340, at *1 (D. Conn. July 24, 2018). Accordingly, Plaintiff's citation to *Enzymotec Ltd. v. NBTY, Inc.* is misplaced. *See* 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (finding diligence and permitting amendment of complaint where new information was discovered). It is clear from Plaintiff's deposition testimony, that Plaintiff knew the brand of the cooking spray involved in her alleged injury even before the filing of the complaint. (*See* Dkt. 51-4 at 6-8). Thus there was no new information discovered that had not previously been available to Plaintiff that would warrant leave to amend. At the very least, Plaintiff had ample opportunity either to

investigate and determine the cooking spray brand at issue, to note the ambiguity in an amended complaint, or to seek an extension of the deadline to amend.

Plaintiff has not set forth any argument that would support a finding of diligence in seeking to ascertain the correct brand name or to amend the complaint. Accordingly, Magistrate Judge Pedersen appropriately concluded that Plaintiff did not exercise diligence. Plaintiff filed her motion for leave to amend more than six months after the deadline for such motions had passed. (*See* Dkt. 41 at 2). Plaintiff cannot simply ignore the deadlines set forth in the court's Scheduling Order, and Plaintiff's untimely motion for leave to amend the complaint is denied.[5]

## **CONCLUSION**

For the foregoing reasons, the Court adopts the R&R (Dkt. 59) to the extent it denies Plaintiff's motion to amend the complaint (Dkt. 48).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 26, 2022
       Rochester, New York

---

[5] Because the Court denies Plaintiff leave to amend the complaint, the Court declines to rule on Defendants' alternative argument that Plaintiff's proposed amendments do not relate back for statute of limitations purposes. (*See* Dkt. 51 at 5-6, 13-17; Dkt. 61 at 7).